IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHERYL LYNN BLEDSOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-2178-cgc |
| | ) |
| WAL-MART STORES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE SUBJECT TO PLAINTIFF'S ACCEPTANCE OF TERMS OF DISMISSAL**

Before the Court is Plaintiff's Motion for Voluntary Dismissal. (D.E. # 17). Plaintiff asks that her action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Defendants filed their response on October 16, 2013, objecting to dismissal without prejudice and requesting reimbursement of the removal fee and attorneys fees. (D.E. # 18). On January 23, 2014, a hearing was held on the instant motion. After hearing from the parties, the parties were instructed to submit letter briefs regarding the issue of conditional dismissals. The Court received briefs from the parties on January 28, 2014 and January 31, 2014.

Plaintiff filed her complaint in the Circuit Court of Tennessee for the 30th Judicial District at Memphis on January 12, 2012. (Complaint, D.E. # 1-1). Plaintiff's complaint alleged that she slipped on ice in the parking lot of the Wal Mart Neighborhood Market in Bartlett, TN on or about January 26, 2011. (Complaint, ¶ 4-5). Plaintiff alleged that she suffered damages and requested an award of compensatory damages in an amount not to exceed one-hundred fifty

1

thousand dollars ($150,000.00). (Complaint, p. 3). Defendants removed the case to federal court on March 5, 2012 (D.E. # 1) and filed their answer on March 12, 2012 (D.E. # 3). The parties participated in scheduling conferences before District Judge Samuel H. Mays and the undersigned on October 24, 2012 and March 29, 2013 (D.E. # 8 and 11). Plaintiff filed the instant Motion to Dismiss on October 9, 2013.

In their response, Defendants argue that Plaintiff should be required to pay the costs of removal as well as the expenses incurred in attending scheduling conferences, preparing initial disclosures and opposing the instant motion. (D.E. # 18) At a hearing on the motion on January 23, 2014, the parties were asked to review U.S. District Judge J. Daniel Breen's October 8, 2013 Order in *Pence v. TMNO Healthcare, LLC d/b/a Avalon Hospice et al*, 13-cv-01199-JDB-egb and provide letter briefs concerning its applicability to the instant case.

Federal Rule of Civil Procedure 41(a)(2) provides that, when notice of dismissal is served after the filing of an answer by an opposing party, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." While a plaintiff has the ability to dismiss her case without a court order by filing a notice of dismissal prior to the service of either an answer of a motion for summary judgment by the opposing party, once that avenue is foreclosed, a court order is required to protect the nonmovant from unfair treatment. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009), citing *Grover by Grover v. Eli Lilly and Co.,*, 33 F.3d 716, 718 (6th Cir. 1994). In exercising its discretion, the court is to determine whether the defendant would suffer "plain legal prejudice" as a result of dismissal without prejudice. *Id.* Courts are to consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* The Court does not need

to resolve every factor in Plaintiffs' favor to conclude that dismissal without prejudice is warranted. *Tyco Labs., Inc. v. Koppers Co.,* 627 F.2d 54, 56 (7th Cir.1980). The factors are more of a guide and discretion ultimately rests with this Court. *Id*.

Defendant has submitted an affidavit and schedule of fees showing 5.2 hours worked for a total expense of $702.00.[1] Of that time, 2.6 hours relate to the objection to Plaintiff's Motion to Dismiss and the recovery of attorneys fees. It does not appear from these facts that there has been exceptional effort and expense expended in this case by the Defendant.

With regard to the second and fourth factors, Plaintiff's case had been pending just under two years from the time of filing the case in state court to the filing of her Motion to Dismiss. Only six months had passed from the entry of the scheduling order until the Motion to Dismiss. No dispositive motions were filed by the Defendant.

As to the third factor, the Motion for Voluntary Dismissal provides no indication of the need to take a dismissal. The letter brief submitted by Plaintiff's counsel does mention that Plaintiff "is continuing her medical treatment and has not reached MMI nor received a disability rating" and that counsel may need to be substituted on the case "due to [Plaintiff's counsel's] ongoing medical problems." In *Pence*, the stated need for dismissal was so that the plaintiff would "have ample time to investigate and assess the facts of the case prior to the litigation process proceeding." *Pence*, PageID 82. Judge Breen found that "[w]hile this justification is seemingly minimal, the Court cannot agree with Defendants that this results in a finding of plain legal prejudice." *Id*. Similarly, this Court finds the explanation given (although provided more than ninety days after the motion was filed) does not indicate legal prejudice against the Defendant.

---

[1] The Court recognizes that this total does not include appearance at the motion hearing and preparation and submission of the letter brief.

Based on the above, the Court finds that dismissal without prejudice is appropriate. The Court must also determine whether to impose conditions on dismissal. So long as a plaintiff is given notice, the Court possesses the discretion to impose costs or attorney's fees. *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629–30 (6th Cir.2000). In this case, the Court further finds that it is appropriate to condition dismissal on the payment of the Defendant's removal filing fee of $350.00. Plaintiff is ORDERED to file a statement within fourteen days of this Order either accepting the conditions imposed by the Court and submitting the $350.00 payment or withdrawing her motion. If Plaintiff accepts the conditions, the Court will enter an order dismissing the case without prejudice.

**IT IS SO ORDERED** this 30th day of April, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE